**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES R. AUSTIN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　　　Respondent. | Case No. CV 15-1699 JLS (SS)<br><br>**ORDER ACCEPTING AND MODIFYING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("FAP"), all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The time for filing Objections to the Report and Recommendation has passed and no Objections have been received. Accordingly, the Court accepts the findings, conclusions and recommendations of the Magistrate Judge.

In making this determination, the Court has sua sponte considered whether the Supreme Court's recent decision in McCoy v. Louisiana, 138 S. Ct. 1500 (2018), alters the Magistrate Judge's analysis of Ground Four(h) of the FAP. Setting aside any possible

procedural issues that might arise in applying McCoy to Petitioner's claims, the Court concludes that McCoy does not warrant any alteration to the Report and Recommendation.

In Ground Four(h), Petitioner alleged he received ineffective assistance when his trial counsel conceded Petitioner's guilt as to some of the charges against Petitioner (those charges that did not involve force or duress), and contested only the four forcible oral copulation charges. The Report and Recommendation explained why, given the circumstances of his case, Petitioner did not receive ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). (See Report and Recommendation at 66-69); see also Florida v. Nixon, 543 U.S. 175, 178-93 (2004) (applying Strickland standard to "defense counsel's strategic decision to concede, at the guilt phase of [a capital] trial, the defendant's commission of murder, and to concentrate the defense on establishing, at the penalty phase, cause for sparing the defendant's life").

In McCoy, the Supreme Court held that the Sixth Amendment provides a criminal defendant with the autonomy to decide the objective of his or her defense and "[w]hen a client expressly asserts that the objective of 'his defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." McCoy, 138 S. Ct. at 1508-09 (citations omitted; emphasis in original). The Supreme Court concluded that "[b]ecause a client's autonomy, not counsel's competence, is in issue," neither the Strickland

standard, nor United States v. Cronic, 466 U.S. 648 (1984), apply. Id. at 1510-11. Instead, "[v]iolation of a defendant's Sixth Amendment-secured autonomy ranks as error of the kind our decisions have called 'structural'; when present, such an error is not subject to harmless-error review." Id. at 1511.

In deciding McCoy, the Supreme Court explained that its earlier Nixon decision "is not to the contrary" because:

> Nixon's attorney did not negate Nixon's autonomy by overriding Nixon's desired defense objective, for Nixon never asserted any such objective. Nixon "was generally unresponsive" during discussions of trial strategy, and "never verbally approved or protested" counsel's proposed approach. Nixon complained about the admission of his guilt only after trial. McCoy, in contrast, opposed [his lawyer's] assertion of his guilt at every opportunity, before and during trial, both in conference with his lawyer and in open court.

Id. at 1509 (citations omitted). Thus, under McCoy, if defense counsel is "[p]resented with express statements of the client's will to maintain innocence, . . . counsel may not steer the ship the other way." Id.; see also id. at 1510 ("[C]ounsel may not admit her client's guilt of a charged crime over the client's intransigent objection to that admission."). However, McCoy is not implicated in situations where the defendant never expresses a desire to maintain his innocence. Id. at 1509-10.

3

In the current case, McCoy is inapplicable because the factual predicate of a McCoy claim is absent. There is simply no evidence that Petitioner ever voiced "intransigent objection" or indeed any opposition to his trial counsel's strategic decision – a decision Petitioner describes as "potentially meritorious" (FAP Memorandum of Points and Authorities at 44, 49) – to contest only the forcible oral copulation charges. Absent any objection, Petitioner's autonomy was not overridden, McCoy is inapplicable, and the Court properly addressed Ground Four(h) under Strickland. Because "counsel's strategy, given the evidence bearing on the defendant's guilt, satisfies the Strickland standard, that is the end of the matter[.]" Nixon, 543 U.S. at 192.

**IT IS ORDERED** that the First Amended Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 11, 2018

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE